IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Michael P. Enmon** | § | |
| | § | CASE NO. 18-60001 |
| **DEBTOR** | § | |
| | § | (Chapter 11) |
| | § | |

## EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

Michael Enmon ("Debtor" or "Enmon") files this *Emergency Motion For*

*Interim and Final Orders Authorizing the Debtor's Use of Cash Collateral* (the "Motion").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are §§ 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

2. On January 10, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors committee has been appointed in the case.

3. The Debtor operates *Kickapoo Kennels Pet Resort* ("Kickapoo" or the "Business"). The Business provides pet (primarily dog) boarding, grooming, training, and pick & delivery service for pet owners. The service is colloquially referred to as "doggy daycare".

4. Kickapoo is operated on approximately forty (40) acres in Waller, Texas, has been in operation for approximately 7 years, and includes 65 dog enclosures and 18 cat enclosures, all indoor.

5. Debtor finds himself in bankruptcy due to two main factors - first, a large money judgment, and second an order voiding transfers of property, thereby rendering the business and its property, property of the Debtor.

6. The Business is a solid core business, with growing and profitable customer relationships.

### THE DEBTOR'S PREPETITION DEBT

7. The Business and its property is secured by a secured debt to Mutual of Omaha, incurred December, 2009. The Mutual of Omaha debt totals approximately $1.6 million.

8. Allegiance bank holds a second lien on the business and property, with a debt of approximately $335,000.00.

9. The Mutual of Omaha debt includes a lien on the Debtor's cash collateral.

10. To the best of Debtor's knowledge, neither Mutual of Omaha or Allegiance sold or transferred their Notes, and they are the current holders.

### DISCUSSION

11. Under Section 363(c) of the Bankruptcy Code, a debtor may use cash collateral if all interested entities consent or the court authorizes such use. 11 U.S.C. § 363(c)(2). The court may authorize such use upon a showing that those with an interest in the cash collateral are adequately protected. *In re Harrington & Richardson, Inc.*, 48 B.R. 431 (Bankr. D. Mass. 1985); *see also In re Certified Corp.*, 51 B.R. 768, 770 (Bankr. D. Haw. 1985) ("[A] debtor is entitled to use cash collateral upon proof of adequate protection"). Also, section 363(e) of the Bankruptcy Code requires that the use of cash collateral be conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral. 11 U.S.C. § 363(e).

12. Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to any decrease in value; (2) an additional or replacement lien on other property; or (3) other relief that provides the indubitable equivalent. *See In re Curtis*, 9 B.R. 110, 111-12 (Bankr. E.D. Pa. 1981).

13. The Debtor needs the use of cash collateral to pay for the ordinary and necessary expenses of operating the Business, and to pay for ongoing ordinary

living expenses.

14. The Business also has 11 employees. Payroll services re provided by an outside service (Questco), and the budget includes gross amounts payroll expenses. 1099 employees are paid weekly.

15. Payroll is every 2 weeks, paid in arrears. Contract employees (2) are paid weekly.

16. Concurrent with the Debtor's Motion To Use Cash Collateral, the Debtor will be seeking permission to pay employees their prepetition wages.

17. A proposed monthly budget is attached as **Exhibit A**. The result of the proposed expenditures will be to insure proper servicing of existing customers, to maintain appropriate levels of service to maintain the existing customer base, and to allow a stabilized cash flow, thus providing additional adequate protection to Mutual of Omaha and Allegiance. See *In re McCombs Properties VI*, *supra*, 88 B.R. at 267 (finding that by committing cash collateral to pay operating expenses and to improve and maintain the property, the debtor has substantially eliminated the risk of diminution of the secured creditor's interest in the cash collateral); *In re T.H.B. Corp.*, 85 B.R. 192 (Bankr. D. Mass. 1988) (finding that adequate protection exists where stream of cash collateral will remain at an approximate even level over a sustained period with new proceeds replacing old).

18. If the Debtor is not authorized to spend cash collateral, the Debtor would face the real possibility of being forced to cease operations, thereby placing the Debtor's customers and creditors in great difficulty.

### REQUEST FOR EMERGENCY INTERIM RELIEF

19. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court conduct a preliminary hearing on an emergency basis. As set forth in the attached budget, the Debtor requires use of cash collateral to maintain the operation of its business. The failure to timely pay the obligations associated

with the operation of the business will result in immediate and irreparable harm to the customers, employees and the Debtor's estate. The Debtor seeks the emergency use of cash collateral on a limited basis in accordance with Exhibit A pending a final hearing.  Because the Debtor's request for interim authorization seeks the use of only that amount as is necessary to avoid immediate and irreparable harm to its estate pending a final hearing, its request complies with Bankruptcy Rule 4001(b)(2).

## CONCLUSION

20. For the reasons set forth above, the Debtor requests that the Court enter an interim order authorizing the Debtor to use Cash Collateral during the Interim Period in accordance with, and subject to the limitations contained in, **Exhibit A**. The Debtor also requests that the Court schedule a final hearing on the Debtor's request to use Cash Collateral after the Interim Period as set forth above and grant such other just relief.

Dated: January 11, 2018.

Respectfully submitted,

Walker & Patterson, P.C.

By:  /s/ Johnie Patterson
Johnie Patterson
SBN 15601700
jjp@walkerandpatterson.com
PROPOSED COUNSEL FOR
DEBTOR-IN-POSSESSION

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)