# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Michael Enmon | § | CASE NO. | 18-30112-H2-11 |
|     DEBTOR | § | | |
| | § | Chapter 11 | |

## DEBTOR'S EMERGENCY MOTION
## FOR AUTHORITY TO PAY PRE-PETITION DEBT

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO RESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPONSE BEFORE THE RESPONSE TIME EXPIRES.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**<u>THE COURT HAS SET A HEARING ON THIS MOTION FOR FRIDAY, JANUARY 12, 2018, COURTROOM 400, 4TH FLOOR, 515 RUSK, HOUSTON, TX   77002.</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

    **COMES NOW**, Michael Enmon ("Enmon"), Debtor and Debtor-In

Possession, and files this Emergency Motion for Authority to Pay Pre-petition Debt (the "Motion") and in support would respectfully show:

## SUMMARY OF MOTION

1. This voluntary Chapter 11 was filed on January 10, 2018.
2. The Debtor owns and operates Kickapoo Kennels Pet Resort ("Kickapoo" or the "Business"). The Business provides pet (primarily dog) boarding, grooming, training, and pick & delivery service for pet owners. The service is colloquially referred to as "doggy daycare".
3. Kickapoo is operated on approximately forty (40) acres in Waller, Texas, has been in operation for approximately 7 years, and includes 65 dog enclosures and 18 cat enclosures, all indoor.
4. The Debtor currently employs 11 individuals, including both contract and salaried individuals. 7 salary, and 4 contract.
5. Salary employees are paid bi-weekly, in arrears, and contract employees are paid weekly, in arrears. Payroll for all employees is due Friday, January 12, 2018.
6. These employees are all necessary for the successful continuation of the business.
7. Debtor seeks authority to pay these employees their pre-petition compensation.
8. It is essential to the continued operation of the business that the services and morale of the employees be maintained. If the checks for the compensation are not received, the Employees will suffer extreme personal hardship. Debtor anticipates that Employees would leave their employment if their pay is not received.
9. Debtor also has several regular vendors that provide essential services to the Debtor, where there are currently outstanding checks.
10. Exhibit A details the prepetition debt that the Debtor considers essential to the

continued operation of his business.

## EMERGENCY CONSIDERATION

11. The Debtor requests emergency consideration of this Motion. The Debtor's purpose is to continue operations in order to successfully reorganize.

12. The only way that this can be accomplished is to assure the Debtor's current employees that they will be compensated for the work they have performed.

13. Debtor fears that these employees will leave if they are not compensated. Given that substantially all of the employee's claims are entitled to priority status, creditors are not prejudiced by the emergency consideration of the Debtor's Motion.

14. No insiders are requesting compensation.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §§157(b)(2)(A) and (O). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408(1) and (2).

## BACKGROUND

16. On May 14, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors committee has been appointed in the case.

17. The Debtor operates a pet boarding, training and grooming facility under the name Kickapoo Kennels Pet Resort.

18. The Debtor has been in business since 2011. The Debtor's business has since grown substantially, and is currently a profitable and stable business.

19. Debtor finds himself in bankruptcy due to two main factors - first, a large personal money judgment, and second an order voiding transfers of property,

thereby rendering the business and its property, property of the Debtor.

**Employees, Wages, Salaries and Benefits**

20. The current employees are all owed for pre-petition amounts for the time period through January 10, 2018.

21. The Debtor utilizes a third party service for processing payroll of all salaried employees. The 4 contract laborers are paid directly, by check for the gross amount of their hourly pay.

22. Exhibit A details the amounts owed through the petition date.

23. The Debtor withholds mandatory deductions (such as federal, state and local taxes) from the salaried employees. Such withholdings are then forwarded to the appropriate governmental authorities by their processing company. Debtor believes that they are current and do not owe any amount with respect to unpaid employee deductions.

24. Not all employees are paid a salary.

25. The total requested is less than $12,000.00, and detailed pay information is attached.

26. The Debtor also has outstanding checks, written but not cleared prior to the petition date. The Debtor requests permission to allow those checks to clear. Exhibit B details all outstanding checks as of the petition date.

**WHEREFORE**, the Debtor requests the Court to enter an Order authorizing the payment of the identified pre-petition claims as set forth above and to grant it such other and further relief, at law or in equity, to which it may be entitled.

Dated:   <u>January 11, 2018</u>

                Respectfully submitted,
                By:   */s/ Johnie Patterson*
                     Johnie Patterson
                     PROPOSED COUNSEL FOR THE DEBTOR
                     SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)