UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL P. ENMON, | § | CASE NO. 18-30112 |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

**PROSPECT CAPITAL CORPORATION'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON MARCH 8, 2018 AT 2:00 P.M. IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TX 77002.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

Prospect Capital Corporation ("Prospect") respectfully submits this Motion for Relief from the Automatic Stay ("Motion") pursuant to 11 U.S.C. § 362(d) in order to allow Prospect to pursue its Motion to Appoint a Receiver over non-debtor Kickapoo Kennels, LLC in the United States District Court for the Southern District of Texas and/or pursue any other remedies it may have against any other non-debtor, and respectfully states as follows:

1

## SUMMARY OF MOTION[1]

1.  The Debtor's chapter 11 bankruptcy petition (the "Petition") improperly lists assets owned by two legally distinct non-debtors, Kickapoo Kennels, LLC ("Kickapoo"), and The Enmon Irrevocable Family Trust (the "Enmon Trust") as assets of the Debtor's estate.

2.  Mutual of Omaha ("MofO"), in its objection to the Debtor's Emergency Motion Regarding Use of Cash Collateral stated that "MofO and the non-debtors, The Enmon Irrevocable Family Trust and Kickapoo Kennels, LLC are parties to a SBA Loan Agreement" and that "Debtor is [merely] a guarantor on the MofO debt". *See* Docket No. 13 at ¶¶ 5, 10. MofO further objected that the Debtor improperly "attempts to take the cash collateral of 'all Kickapoo and Enmon Entities' without providing any basis for such consolidation and without filing bankruptcy for such entities." *Id*. at ¶ 11.

3.  Kickapoo, a Texas limited liability company, of which the Debtor owns 5% and the Enmon Trust, of which the Debtor is a beneficiary, are non-debtors and cannot be considered part of the Debtor's bankruptcy estate under well-established case law.

4.  Further, as discussed in the Motion to Dismiss, the Debtor filed the Petition in a bad faith attempt to thwart Prospect's pending litigation in the United States District Court for the Southern District of Texas on the eve of the scheduled hearing on Prospects Motion to Appoint a Receiver over Kickapoo (the "Receiver Motion").

5.  Accordingly, Prospect respectfully requests relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) or 362(d)(2), so that Prospect can proceed with its Receiver Motion in the District Court. While Prospect does not believe that the automatic stay prevents it

---

[1] Concurrently with this Motion, on February 9, 2018, Prospect has filed a Motion to Dismiss (the ("Motion to Dismiss") Debtor's bankruptcy for "cause" pursuant to Section 1112(b). All undefined capitalized terms used herein shall have the same meaning given in Prospect's Motion to Dismiss.

2

from proceeding against Kickapoo assets, it files this Motion out of an abundance of caution in light of the Debtor's inaccurate characterization of Kickapoo's assets in his bankruptcy filings.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The legal predicate for the relief requested herein is Section 362 of the Bankruptcy Code, and Bankruptcy Rules 4001 and 9014.

## FACTUAL BACKGROUND

8. Prospect incorporates by reference the factual background in its Motion to Dismiss, filed concurrently with this Motion.

## ARGUMENT

**A.      Legal Standard**

9. Bankruptcy courts are given broad discretion to fashion relief from the automatic stay. *In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008). Section 362(d) delineates a several grounds upon which a creditor may move a court to lift the automatic stay. *In re JCP Properties, Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015).

10. Section 362(d)(1) instructs courts to grant relief from the automatic stay where there exists "cause" to do so. *In re Omni Lion's Run, L.P.*, 578 B.R. 394, 397 (Bankr. W.D. Tex. 2017); 11 U.S.C. § 362(d)(1) ("[O]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…by terminating, annulling, modifying, or conditioning such stay…(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.") "Cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code and whether "cause" exists must be determined on a case-by-

case basis. *Marable v. Bank of New York Mellon*, 557 B.R. 521, 527 (E.D. Tex. 2016). A court will find "cause" to lift the automatic stay where it has been shown that the debtor filed its bankruptcy petition in bad faith. *In re JCP Properties,* 540 B.R. at 614; *accord In re Omni Lion's Run,* 578 B.R. at 398 (Bankr. W.D. Tex. 2017) ("In order to receive the benefit of the automatic stay…debtors must file their bankruptcy cases in good faith; a bad-faith filing is a recognized cause for relief.").

11. Section 362(d)(2) of the Bankruptcy Code provides that, with respect to a stay of an act against property, the Court may grant a creditor relief from the stay if (i) Debtor does not have equity in the property, and (ii) such property is not necessary for an effective reorganization. *See* 11 U.S.C. §362(d)(2). If a creditor moving for relief under § 362(d)(2) establishes that the debtor has no equity in the property, the burden then shift so the debtor to demonstrate that there *is* a necessity for an effective reorganization. *In re JCP Properties, Ltd.*, 540 B.R. at 616. To show that there is a necessity for effective reorganization, a debtor must show that there can be an effective reorganization in the sense that there is "a reasonable possibility of a successful reorganization within a reasonable time." *Id.* at 617.

12. What assets constitute property of the Debtor's estate is governed by 11 U.S.C. § 541. *In re Trust*, 526 B.R. 668, 677–78 (Bankr. N.D. Tex. 2015). The fact that this determination may revolve around state law does not affect this Court's authority. *Id.* To determine whether something is property of the bankruptcy estate, a court must look to both state and federal law. Specifically, a debtor's property rights are determined by state law, while federal bankruptcy law applies to establish the extent to which those rights are property of the estate. *See In re Croft*, 737 F.3d 372, 374 (5th Cir. 2013)

B.    **Cause Exists to Lift the Stay Under 362(d)(1)**

   1.    **Kickapoo Is Not Part of the Debtor's Bankruptcy Estate**

13.    Debtor's Petition falsely identifies "Kickapoo Kennels LLC" as a "sole proprietorship". The bankruptcy petition form clearly states: "[a] sole proprietorship is a business you operate as an individual and ***is not a separate legal entity such as a corporation, partnership, or LLC***" (emphasis added). Under Texas law, a limited liability company is considered a separate legal entity from its members. *Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at *2 (Tex. App. – San Antonio Apr. 30, 2014). A member of an LLC does not have an interest in any specific property of the company. Tex. Bus. Orgs. Code Ann. § 101.106(b). Given that Kickapoo is registered "limited liability company," it cannot be legitimately disputed that it is a "separate legal entity" and *not* as sole proprietorship.[2]

14.    Moreover, the Debtor owns a mere 5% membership interest in Kickapoo, and does not have any ownership interest in Kickapoo's assets. *See, e.g., Schoen v. Underwood*, No. CV W-11-CA-00016, 2012 WL 13029591, at *4 (W.D. Tex. May 15, 2012) ("[H]arms suffered by the L.L.C. do not directly injure its members. A membership interest in an L.L.C. is the

---

[2] The Debtor's claim that Kickapoo is a "sole proprietorship" business and his assertion that he himself is the owner of all Kickapoo's assets and the Enmon Trust's assets – regardless of their legal title – is contrary to the Debtor's past business practices, prior representations to the courts in the Fraudulent Conveyance Action and Kickapoo Bankruptcy. The Debtor and his wife Kari have consistently admitted their awareness and understanding of Kickapoo's separate legal existence by, among other things, filing separate federal tax returns for Kickapoo each year from 2013 – 2016 (*see* Exhibits 26 – 29 to Prospect's Motion to Dismiss ), and by filing a c
hapter 11 bankruptcy petition for Kickapoo in December 2012. *See* Exhibit 20 to the Prospect's Motion to Dismiss. Notably, Kickapoo's petition does not list among its assets either the real property owned by the Enmon Trust or the Debtor's own personal assets. *See* Exhibit 20, Schedules A & B, to Prospect's Motion to Dismiss. Indeed, in Debtor's Application for Authority to Employ Accountant, filed on February 7, 2018 [Docket No. 40] (the "Accountant Motion"), the Debtor seeks this Court's approval to pay an accounting firm to prepare three separate federal tax returns, respectively, for each of (1) the Debtor and his wife Kari Enmon, (2) the Enmon Trust, and (3) Kickapoo. (*See* Accountant Motion at ¶¶ 4-5).

personal property of the member. § 101.106(a). But the member 'does not have an interest in the specific property of the company. § 101.106(b). Since the member does not have any ownership interest in the L.L.C.'s assets, the member cannot be directly injured when the company is deprived of those assets."); *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied), *reh'g overruled* (Mar. 3, 2016), *review denied* (Sept. 2, 2016) (holding that sole member of LLC "[did] not have an interest in any property of the company" and lacked standing to assert claims individually that belonged to the LLC).

15. Accordingly, the bankruptcy stay over a chapter 11 bankruptcy filed by a member of a limited liability company does not extend to the limited liability company itself and Prospect should be allowed to proceed with its Receiver Motion in the United States District Court for the Southern District of Texas. *See In re HSM Kennewick, L.P.*, 347 B.R. 569 (Bankr. N.D. Tex. 2006) (holding that automatic stay in place in chapter 11 case filed by member of limited liability company did not prevent state court receivership action against company, because receivership action would not affect debtor's property interests, which did not extend to specific assets owned by the limited liability company); *Harley-Davidson Credit Corp. v. Kutumian*, No. 1:12-CV-2077 AWI-BAM, 2013 WL 4487463, at *1 n.1 (E.D. Cal. Aug. 19, 2013) ("Bankruptcy filings by individual members of an LLC are not treated as special circumstances that would extend bankruptcy protection to the related LLC."), *report and recommendation adopted,* No. 1:12-CV-2077 AWI BAM, 2013 WL 6071995 (E.D. Cal. Nov. 13, 2013); *In re Calhoun*, 312 B.R. 380, 384 (Bankr. N.D. Iowa 2004) (holding that a debtor's bankruptcy stay does not extend to a LLC simply because the debtor held ownership interest in that LLC) ("[T]he debtor's property interest in a corporation or an LLC is narrowly confined to the intangible rights represented by the stock certificate or other ownership documentation."); *In re McCormick*, 381 B.R. 594, 602–03

(Bankr. S.D.N.Y. 2008) (holding that collection actions against a bankruptcy debtor's wholly-owned LLC did not violate the automatic stay because the LLC was a separate legal entity).[3]

### 2. The Debtor's Tortured Interpretation of the Fraudulent Conveyance Judgment is Without Merit

16.     The Debtor asserts without any basis in law or fact that the Fraudulent Conveyance Judgment somehow makes Kickapoo's assets property of the estate. *First*, the law is clear that the Fraudulent Conveyance Judgment *only* voided transfers as to Prospect, not as between the transferor and transferee. *See, e.g., Texas Sand Co. v. Shield*, 381 S.W.2d 48, 55 (Tex. 1964) ("[A] conveyance, though fraudulent, is valid as between the parties to the conveyance."); *Liberty Sport Aviation, L.P. v. Texas Hill Country Bank*, No. 04-15-00480-CV, 2016 WL 4626238, at *3 (Tex. App.—San Antonio Sept. 7, 2016) ("When a fraudulent transfer is set aside, cancellation restores to the creditor and the transferor, only, the rights they had against each other prior to the fraudulent transfer. . . such a determination would operate to restore [the creditor's] rights prior to the transfer, but would not affect the rights of [a third party].") (internal citations omitted), *review denied* (June 16, 2017); *Mladenka v. Mladenka*, 130 S.W.3d 397, 400-401 (Tex. App.—Houston 2004) ("When conveyance of property is found to be fraudulent, Texas courts have concluded that legal, as well as equitable title, remains with the debtor *relative to a defrauded creditor*") (emphasis added); *In re Estate of LaValle*, 218 S.W.3d 834, 836–37 (Tex. App.—Beaumont 2007) ("The grantor of property conveyed in fraud of creditors parts with his title when he executes the deed, and retains no interest in the property at his death. 'The proposition is well settled in this state that, as between the parties to the transfer,

---

[3] While unnecessary to the determination to lift the stay to allow Prospect to proceed with its Receiver Motion, the assets of the Enmon Trust are similarly not encompassed in the Debtor's bankruptcy estate because the Debtor is a mere beneficiary of the Enmon Trust. *See, e.g., In re Chambers*, 384 B.R. 460, 465–66 (Bankr. E.D. Tex. 2008) (holding that "assets of a spendthrift trust are generally excluded from the bankruptcy estate pursuant to § 541(c)(2)" where the debtor is merely a beneficiary of the trust).

7

a conveyance made in fraud of creditors passes title to the vendee, and is defeasible only at the instance of the creditors.'") (internal citations omitted).  Additionally, in Texas, "[t]he rule is well established that the courts will not aid a grantor to regain property transferred to a grantee in order to defraud creditors."  *Poe v. Hamlin Nat. Bank*, 921 S.W.2d 515, 517 (Tex. App.—Eastland 1996) (citing *Lott v. Kaiser,* 61 Tex. 665 (1884); *Letcher v. Letcher,* 421 S.W.2d 162 (Tex. Civ. App.—San Antonio 1967) ("As between the parties to a fraudulent transaction, the transfer designed to defraud creditors passes title to the property, and the grantor may thereafter assert no right, title or interest in the property. Relief will be denied a grantor who seeks to set aside a deed on the grounds it was executed to defraud his creditors, for courts leave parties to a fraudulent transaction in the position they have placed themselves."), *writ dismissed* (Feb. 14, 1968); *Dominguez v. Trent,* 836 S.W.2d 677 (Tex. App.—El Paso 1992); *Leal v. Cortez,* 603 S.W.2d 262 (Tex. Civ. App.—Corpus Christi 1980); *Garcia v. Garcia De Ortiz,* 257 S.W.2d 804 (Tex. Civ. App.—San Antonio 1953); *Bramlett v. Jenkins,* 231 S.W.2d 539 (Tex. Civ. App.—Fort Worth 1950).

17.     *Second*, even assuming *arguendo* that the Fraudulent Conveyance Judgment voided certain transfers to Kickapoo and the Enmon Trust, for the reasons set forth in the Motion to Dismiss, none of the non-real property assets *currently* in Kickapoo's possession are traceable to the "voided" asset transfers.  As such, the Debtor has no equity in the Kickapoo assets.

18.     Because Kickapoo is a non-debtor and its assets are not part of the Debtor's bankruptcy estate, Prospect should be allowed to proceed with its Receiver Motion in the United States District Court for the Southern District of Texas.  *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely a valid basis on which to stay actions against non-debtors."); *In re Agrawal*, No. 16-11253-JDL, 2017 WL 6403066, at *2 (Bankr. W.D. Okla.

Dec. 14, 2017) ("However, it is a black letter bankruptcy principle that 11 U.S.C. § 362(a) does not create a general, automatic stay of a creditor's right to assert claims against non–debtor parties who are related to the debtor in some fashion.").

### 3. Debtor Filed His Bankruptcy as a Litigation Tactic to Thwart the Collection Efforts of His Only Real Unsecured Creditor

19. In addition to the fact that Kickapoo's assets are not part of the Debtor's estate, cause exists to lift the stay because the Debtor filed his bankruptcy on the eve of the hearing for the Receiver Motion in an attempt to thwart Prospect's collection efforts. Tellingly, the Debtor does not claim to be in financial distress and has been meeting all financial obligations to creditors with the sole exception of Prospect. As discussed in more depth in the Motion to Dismiss, the Debtor's pattern of abuse of the bankruptcy process in an attempt to delay and frustrate Prospect's collection efforts and the timing of the Debtor's filing plainly evidence an intent to delay or frustrate Prospect's legitimate efforts to enforce its creditor rights. The Debtor's bad faith bankruptcy filing is additional "cause" to lift the stay to allow Prospect to pursue its Receiver Motion. *See In re JCP Properties Ltd.*, 540 B.R. at 614 ("[A] court will find cause to lift the automatic stay where it has been shown that the debtor filed its bankruptcy petition in bad faith."); *In re FRE Real Estate, Inc.*, 450 B.R. 619, 623 (Bankr. N.D. Tex. 2011) ("A bad faith filing may lead to dismissal of the case (as with Debtor's first chapter 11) or to termination of the automatic stay for cause pursuant to Code § 362(d)(1).").

### C. Cause Exists to Lift the Stay Under 362(d)(2)

20. Alternatively, the automatic stay should be lifted pursuant to section 362(d)(2), which provides that the Court may lift the stay if (i) the Debtor does not have equity in the property, and (ii) such property is not necessary for an effective reorganization. *See* 11 U.S.C. §362(d)(2).

9

21. A debtor has no equity in property for the purposes of Section 362(d)(2) when the debts secured by liens on the property exceed the value of the property. *See Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327 (5th Cir. 1990). The principal asset listed on Debtor's Petition is the real property owned by the Enmon Trust located at 23230 Kickapoo Road in Waller, TX, which Debtor values at $2,000,000. *See* Petition at 9. The Debtor's Plan shows that classes 1 through 7 will be "paid in full" and that Prospect's valid and perfected judgment lien, totaling over $4 million, against this real property will be paid pennies on the dollar. To the extent this Court finds that Kickapoo and the Enmon Trust assets are properly included within the Debtor's bankruptcy estate, the value of the real property owned by these entities is far less than the amount outstanding on Prospect's lien. As a result, even if the Court entertains the legal fiction advanced by the Debtor, there is no equity in the real property.

22. Similarly, to the extent this Court finds that Kickapoo and Enmon Trust assets are properly included within the Debtor's bankruptcy estate, the assets of these entities are not necessary for an effective reorganization; rather, the Plan attempts to impermissibly "cleanse" non-debtor assets through an asset sale to the Debtor's wife, violates the absolute priority rule, unjustifiably attempts to release claims against non-debtor affiliates in contravention of the Fraudulent Conveyance Judgment with no explanation of support, and impermissibly grants himself a discharge of non-dischargeable claims.

23. This bankruptcy case serves no legitimate purpose where the Debtor has no equity in the assets of Kickapoo or the Enmon Trust and all creditors are currently being paid with the exception of Prospect. Further delay in lifting the stay will only do further injury to Prospect.

## CONCLUSION

Based on the foregoing, no justification exists for allowing the Debtor to administer non-debtor property and abuse the bankruptcy process to the detriment of Prospect. Cause exists to under 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and applicable Fifth Circuit law to lift the stay and to allow Prospect to pursue its Receiver Motion in the United States District Court for the Southern District of Texas and/or pursue any other remedies it may have against any other non-debtor.

Accordingly, Prospect respectfully requests that this Court enter an order lifting the stay to allow Prospect to pursue its Receiver Motion, and/or pursue any other remedies it may have against any other non-debtor, and awarding such other and further relief as is just, including the award of costs and fees to Prospect.

Dated: February 9, 2018.

Respectfully submitted,

By:  /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl
State Bar No. 24038592
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
*Counsel for Prospect Capital Corporation*

## CERTIFICATE OF CONFERENCE

I certify that on February 9, 2018, I left a voicemail for Johnnie Patterson, counsel for the Debtor concerning the relief requested herein. The parties were unable to confer prior to the filing of this Motion.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2018, a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case.

/s/Joshua W. Wolfshohl
Joshua W. Wolfshohl