IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| MICHAEL P. ENMON | § | CASE NO. 17-42244 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

**CREDITOR MUTUAL OF OMAHA BANK'S OBJECTION TO PROSPECT CAPITAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
[Relates to Docket No. 46]

COMES NOW, Mutual of Omaha Bank, Creditor in the above reference bankruptcy ("MOB" or "Creditor") files this objection ("Objection") to *Prospect Capital Corporation's Motion for Relief from the Automatic Stay* ("Motion") [Doc. No. 46] ("Stay Relief Motion") and asserts as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157, 105 and 1107, 1108.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BANKRUPTCY BENEFITS THE CREDITORS**

3.  At this time given the posture of the case, all parties and the Debtors' estate are best protected by the status quo with the transparency of the Bankruptcy process with all creditors get notice and opportunity to be heard. While this may change as the case progresses, a motion to lift stay or motion to dismiss are premature.

4. Prospect has failed to meet the cause required to lift the stay at this time.

5. Prospect's Stay Relief Motion and companion Motion to Dismiss are set for a hearing on March 8, 2018. Both should be denied.

6. Prospect has proven to be very litigious and prior to the Bankruptcy was pursuing a Federal Receiver be appointed requesting relief that could have impacted the creditors of the Debtor, personally, as well as the creditors of the entities they own without any notice of the action to those creditors.

7. Prospect was very familiar with Mutual of Omaha Bank's interests and still did not notice it on pleadings in the actions to appoint a receiver.

8. Prospect pursued the motion to appoint a receiver AFTER Mutual of Omaha Bank prevailed over Prospect in litigation Prospect filed against MOB seeking to have MOB's security interest be deemed junior to Prospect's judgment.

9. .Bankruptcy provides a venue where costs should be limited and transparency and process are paramount.

10. Prospect's Motions seem more rooted in a position that the Debtor cannot be trusted to administer the cases properly. However, that does not create cause or justify dismissal, but suggests the appointed of a Trustee.

11. Prospect has not sought the appointment of a Trustee. A Trustee would also control the entities.

12. If the Court agrees with the arguments that Prospect asserts at any level, it would seem the most pragmatic remedy is .not dismissal of the case or lifting of the stay but either the requirement that the entities also file and/or a Trustee be appointed to better administer the Debtor's assets if Prospect's allegations are deemed to have merit.

13.     Prospect's tactics to date have been one to needlessly increase the costs to all parties involved. The objective based on the financial information provided to date, should be to mitigate further litigation costs and attorney's fees. If the motion to lift stay is granted, it will exponentially increase the costs to all parties.

14.     MOB is working on an updated appraisal. However, depending on the value of the assets, Prospect may be an unsecured creditor in whole or in part.

15.     While there may be issues with the Plan and objections thereto, at this time, it does not support the lift of the stay or dismissal of the case. Given the prior litigation and the effect of the prior Orders regarding transfers of assets between Enmon and the entities are open to dispute, it would appear the 9019 procedure in the Bankruptcy could also be used to resolve the potential inter-debtor claims between Enmons and the entities and more globally with the creditors that have claims against one or all.

16.     At this time, it is in the creditors best interest to deny the Stay Relief Motion.

## LEGAL AUTHORITIES IN SUPPORT OF RELIEF SOUGHT

17.     The Stay Relief Motion should be denied. As an initial matter, for the Court to grant relief from the stay to creditor which may be unsecured there must be a showing that extraordinary circumstances exist to justify lifting the stay and following the normal claims process. *Sonnax v. Tri-Component Prods. Corp (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2nd Cir. 1990). In addition, Prospect fails to meet its burden to support the granting of the Stay Relief Motion.

18.     The automatic stay ensures that all claims against the debtor will be brought in a single forum -- the bankruptcy court. The bankruptcy court takes control of all pertinent interests in property, dealing with that property, determining entitlements to distributions, the procedures for administering the mechanism, and discharging the debtor. *Henkel v. Lickman (In re Lickman),*

297 B.R. 162, 187 (Bankr. M.D. Fla. 2003) *citing to Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 908 (Bankr. 9th Cir. 1999).

19. The movant has the initial burden to establish that cause exists. 11 USC § 362(g). If the movant cannot make this initial showing, relief from stay should be denied without requiring any showing that the estate is entitled to continued protection of the automatic stay. *Sonnax Indus., Inc. v. Tri Component Production Corp. (In re Sonnax Indus., Inc.),* 907 F. 2d 1280, 1285 (2nd Civ. 1990).

20. "Cause" is not defined in the Bankruptcy Code but includes the lack of adequate protection. Therefore, under § 362 (d)(1), the "court must determine whether discretionary relief is appropriate on a case by case basis". *In re Laguna Associates, L.P.,* 30 F. 3d 734, 737 (6th Civ. 1994). In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye toward the overall goals of the Bankruptcy Code. *In re C&S Grain Co.,* 47 F. 3d 233, 238 (7th Civ. 1995).

21. .In this case, the overall goals of Bankruptcy are consistent with Prospects goals and the Bankruptcy process provides greater flexibility and transparency for creditors. As such, the Stay Relief Motion should be denied.

## ADMISSIONS & DENIALS

22. Mutual of Omaha Bank lacks sufficient information to admit or deny the allegations of Paragraph 1. In addition, the allegations raise legal conclusions and/or legal argument which need not be admitted or denied. However, it is admitted that the Schedules should be amended to comport with the Debtors' theories.

23. The allegations of Paragraph 2 are admitted to the extent that Mutual of Omaha Bank filed an objection and the objection itself serves as the best evidence of the assertions made

and to the extent the allegations of Paragraph 2 are not set forth in the Objection such allegations are denied. Further, as discussed at the initial hearing on cash collateral, the Debtor provided a basis for the structure of the cash collateral use and Schedules based on Judge Hoyt's Opinion voiding transfers.

24. The allegations of Paragraph 3 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

25. The allegations of Paragraph 4 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

26. The allegations of Paragraph 5 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

27. The allegations of Paragraph 6 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

28. The allegations of Paragraph 7 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

29. The allegations of Paragraph 8 cross reference the allegations in the Motion to Dismiss. As such, Mutual of Omaha Bank incorporates its admissions and denials in its objection to the Motion to Dismiss as if each are stated herein.

30. The allegations of Paragraphs 9 to 23 are legal conclusions and/or legal argument and, therefore, no admissions or denials are necessary. But in an abundance of caution are denied.

## **Prayer**

Mutual of Omaha Bank prays that the Court deny the Motion in its entirety without prejudice in the event issues or concerns rise at a later date which support dismissal. Mutual of Omaha Bank further prays for any other relief the Court deems fair and equitable.

Date: March 2, 2018                              Respectfully submitted,

**HOOVER SLOVACEK LLP**

*/s/ Deirdre Carey Brown*
By:_____
Deirdre Carey Brown
State Bar No. 24049116
Hoover Slovacek LLP
5051 Westheimer, Suite 1200
Galleria Tower II
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

ATTORNEY FOR MUTUAL OF OMAHA BANK

## **CERTIFICATE OF SERVICE**

I certify that, on March 2, 2018, a true and correct copy of the foregoing *Creditor Mutual of Omaha Bank's Objection to Prospect Capital Corporation's Motion for Relief from the Automatic Stay* was served upon all persons registered to receive service by ECF including all parties listed below:

Deirdre Carey Brown on behalf of Creditor Mutual of Omaha
brown@hooverslovacek.com, skerrett@hooverslovacek.com; deirdrecbrown@yahoo.com; brown.hsllp@gmail.com; bankruptcy1@hooverslovacek.com

Pamela Anne Ferguson on behalf of Creditor Prospect Capital Corporation
pferguson@buckkeenan.com, twilliams@buckkeenan.com

William Allen Gage, Jr on behalf of Creditor Prospect Capital Corporation
gage@buckkeenan.com, bellard@buckkeenan.com; jacobs@buckkeenan.com

Miriam Goott on behalf of Debtor Michael Paul Enmon
mgoott@walkerandpatterson.com, jjp@walkerandpatterson.com; mwalker@walkerandpatterson.com; wandp.ecf@gmail.com

Xochytl Greer on behalf of Creditor Allegiance Bank
xdgreer@rossbanks.com, dgraves@rossbanks.com

Tara L Grundemeier on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

Jim D Hamilton on behalf of Creditor Allegiance Bank

jhamilton@rossbanks.com, dgraves@rossbanks.com

Johnie J Patterson on behalf of Debtor Michael Paul Enmon
jjp@walkerandpatterson.com, mwalker@walkerandpatterson.com; mgoott@walkerandpatterson.com; wandp.ecf@gmail.com

Stephen Douglas Statham on behalf of U.S. Trustee US Trustee
stephen.statham@usdoj.gov

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

John Wesley Wauson on behalf of Creditor Wauson Probus
jwwauson@w-plaw.com, sdianiska@w-plaw.com

Joshua W. Wolfshohl on behalf of Creditor Prospect Capital Corporation
jwolfshohl@porterhedges.com, ksteverson@porterhedges.com; egarfias@porterhedges.com

*/s/ Deirdre Carey Brown*
Deirdre Carey Brown