IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-30112-H2-11 |
| MICHAEL P. ENMON | § | |
| Debtor. | § | |

___

## RESPONSE TO PROSPECT CAPITAL CORPORATION'S MOTION TO DISMISS

1. The Debtor denies the factual allegations contained in Paragraph 1 of the Motion.

2. Paragraph 2 of the Motion does not contain factual allegations that require a response.

3. The Debtor admits that he is a graduate of the University of Chicago School of Business, admits that he contacted Prospect to request a loan, admits that he entered into a Letter agreement, and denies the remaining factual allegations contained in Paragraph 3 of the Motion.

4. Debtor admits that Prospect initiated arbitration against the Debtor in New York seeking a declaration that Prospect was not liable to the Debtor and that the Debtor must pay all of Prospect's attorneys fees, admits that arbitration took place on the dates stated, and denies the remaining factual allegations contained in Paragraph 4 of the Motion.

5. The Debtor admits the factual allegations contained in Paragraph 5 and Paragraph 6 of the Motion.

6. The Debtor admits that he and his wife were the sole beneficiaries of the Enmon Irrevocable Family Trust, admits that he transferred mineral rights to his mother, and denies the remaining factual allegations contained in Paragraph 7 of the Motion.

7. The Debtor admits the factual allegations contained in Paragraphs 8 and 9 of the Motion.

8. The Debtor admits that Kickapoo's Company agreement is attached as Exhibit 6, and denies the remaining factual allegations contained in Paragraph 10 of the Motion.

9. The Debtor admits the factual allegations contained in Paragraphs 11 and 12 of the Motion.

10. The Debtor admits that Prospect filed an Emergency Motion for Contempt, admits that a copy of Prospect's Motion for Contempt is attached as Exhibit 9, is unable to admit or deny what Prospect learned, and denies the remaining factual allegations contained in Paragraph 13 of the Motion.

11. The Debtor denies that funds were distributed by the court to Prospect to pay down its Arbitration Judgement against the Debtor, and admits the remaining factual allegations contained in Paragraph 14 of the Motion.

12. The Debtor admits the factual allegations contained in Paragraph 15 and Paragraph 16 of the Motion.

13. The Debtor admits that Prospect filed a Motion for Relief, admits that the relief was granted, and Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 17 of the Motion.

14. Debtor admits that a motion to dismiss was filed, admits that his mother did not contest the motion to dismiss, admits that the bankruptcy was dismissed, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 18 of the Motion.

15. Debtor admits that Grace Enmon's attorney was sanctioned, and Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 19 of the Motion.

16. Debtor admits that a judgment was entered against him, admits that an Order and Opinion were issued, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 20 of the Motion.

17. Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 21 of the Motion.

18. Debtor admits the factual allegations contained in Paragraph 22 of the Motion.

19. Debtor is unable to admit or deny whether Prospect recorded an Abstract, and denies the remaining factual allegations contained in Paragraph 23 of the Motion.

20. Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 24 of the Motion.

21. Debtor admits the factual allegations contained in Paragraph 25 of the Motion.

22. Debtor admits the factual allegations contained in Paragraph 26 of the Motion.

23. Debtor admits that he and his wife operate a dog kennel business, admit that tax returns were filed, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 27 of the Motion.

24. Debtor admits that Prospect served post-judgment discovery on the parties, but is unable to admit or deny why post-judgment discovery was performed or what it has "shown" Prospect as alleged in Paragraph 28 of the Motion.

25. Debtor denies the factual allegations contained in Paragraph 29 of the Motion.

26. Debtor admits that Prospect filed a Motion to Appoint a Receiver, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 30 of the Motion.

27. Debtor admits the factual allegations contained in Paragraph 31 of the Motion.

28. Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 32 of the Motion.

29. Debtor admits that the parties had a conference with Judge Hoyt regarding a receiver with condition, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 33 of the Motion.
30. Debtor admits the factual allegations contained in Paragraph 34 of the Motion.
31. Debtor admits that a hearing on the Motion to Appoint a Receiver was set for August, 2017 and rescheduled for January 11, 2018, admits that the Debtor filed a Chapter 11 bankruptcy the night before the Receive Motion was to be heard, and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 35 of the Motion.
32. Debtor admits the factual allegations contained in Paragraph 36 of the Motion.
33. Debtor admits that he filed a Chapter 11 on January 26, 2018, and denies the remaining factual allegations contained in Paragraph 37 of the Motion.
34. Paragraphs 38 through 45 of the Motion do not contain factual allegations that require a response.
35. Debtor admits that his prior attorney had a discussion with the Court, and denies the remaining factual allegations contained in the Paragraph 46 of the Motion.
36. Paragraphs 47 through 51 do not contain factual allegations that require a response.
37. Debtor denies the factual allegations contained in Paragraph 52 through 54 of the Motion.
38. Debtor admits that he filed his bankruptcy the day before the hearing on the Receiver motion and denies the remaining factual allegations contained in Paragraph 55 of the Motion.
39. Debtor denies the factual allegations contained in Paragraph 56 of the Motion.

40. Debtor admits that the UST moved to dismiss the Grace Enmon bankruptcy, and Debtor refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 57 of the Motion.

41. Debtor admits that the Court dismissed the Kickapoo bankruptcy and refers to the identified document regarding the allegations or statements contained in the document, as alleged in Paragraph 58 of the Motion.

42. Debtor denies the factual allegations contained in Paragraphs 59 through 62 of the Motion.

**WHEREFORE**, the Debtor requests the Court to deny the Motion, and to grant him such other and further relief, at law or in equity, to which he may be justly entitled.

**Dated**: March 6, 2018.

Respectfully submitted,

By: */s/ Miriam Goott*
Miriam Goott
State ID# 24048846

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX  77208
713.956.5577
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Response* was served upon Joshua Wolfshohl, counsel for Prospect Capital by electronic transmission on March 6, 2018.

By: */s/ Miriam Goott*
Miriam Goott