UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL P. ENMON, | § | CASE NO. 18-30112 |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

PROSPECT CAPITAL CORPORATION'S SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE PURSUANT TO 11 U.S.C. § 1112(b)

**To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:**

Prospect Capital Corporation ("Prospect") respectfully submits this Supplemental Brief in Support of its Motion to Dismiss (the "Motion") the chapter 11 case of Michael P. Enmon ("Enmon" or "the Debtor") pursuant to 11 U.S.C. § 1112(b).[1]

## ARGUMENT

1. The "business assets" that the Debtor seeks to administer in this chapter 11 case are not property of the Debtor's personal bankruptcy estate. As the Debtor acknowledged in his chapter 11 petition (the "Petition"), these business assets are legally titled in the name of (i) The Enmon Irrevocable Family Trust (the "Enmon Trust") or (ii) Kickapoo Kennels, LLC ("Kickapoo") – both of which are separate and distinct legal entities. The Debtor's assertion that that he is entitled to claim the assets of Kickapoo and the Enmon Trust as property of his

---

[1] Capitalized terms not defined herein shall have the same meanings given to them in Prospect's Motion to Dismiss.

1

personal bankruptcy estate – "regardless of actual title" – is based on a fundamental misunderstanding of the legal effect of the Fraudulent Conveyance Judgment.[2]

2.  *First,* the Fraudulent Conveyance Judgment *only* voided the transfers of property at issue in that case *as to Prospect*. The Fraudulent Conveyance Judgment did <u>not</u> void these transfers *as to future creditors*. As a consequence, the Debtor cannot treat all property that was the subject of the Fraudulent Conveyance Judgment as property of his personal bankruptcy estate.

3.  *Second*, even if – counterfactually – the Fraudulent Conveyance Judgment voided these transfers as to *future creditors*, the Debtor cannot show that Kickapoo's current assets are traceable to property transferred prior to the Fraudulent Conveyance Judgment. The property of the Debtor that was fraudulently transferred to Kickapoo prior to the 2012 Fraudulent Conveyance Judgment consisted primarily (or wholly) of fungible assets like cash. Accordingly, Debtor's claim that all of Kickapoo's business assets are property of the Debtor's personal bankruptcy estate defies logic, and is unsupported by governing law. For these reasons, and as further set forth below and in Prospect's Motion, Prospect requests that this case be dismissed.

**A. The Fraudulent Conveyance Judgment Did Not Void Transfers as to *Future Creditors*.**

4.  Under Texas law, the general rule is that fraudulent transfer statutes "afford no remedy to a person who was not a creditor of the transferor at the time of the [fraudulent transfer]" *U.S. v. Chapman*, 756 F.2d 1237, 1240 (5th Cir. 1985) (distinguishing the facts of *In re MortgageAmerica Corporation*, 714 F.2d 1266 (5th Cir. 1983)); *see also Sargeant v. Saleh*, 512 S.W.3d 399, 414 (Tex.App.—Corpus Christi 2016). The Fifth Circuit has recognized that "a

---

[2] As discussed in greater detail in the Prospect's Motion, Judge Hoyt found that "Michael Enmon intended to defraud, and did defraud Prospect, to prevent Prospect from collecting on [its Arbitration] Judgment" by conducting fraudulent transfers of valuable personal property to the Enmon Trust and Kickapoo, and other related parties. (*See* Paragraphs 20-21 of the Motion and Exhibit 19 to the Motion.)

different rule applies when the transfer is made with fraudulent intent *at the time of the transfer* to evade future liabilities to a subsequent creditor." *Chapman*, 756 F.2d at 1240-41. Pursuant to this analysis, the Fifth Circuit has found that the debtor's intent at the time of the conveyance is "the crucial element." *Roland v. U.S.*, 838 F.2d 1400, 1402 (5th Cir. 1988) (citing *Chapman*). "In order for a conveyance to be held fraudulent as to one who became a creditor subsequent to the transaction, 'it is necessary that the intent exist at the time [of the conveyance] to shield the property from debts thereafter to be incurred.'" *Chapman*, 756 F.2d at 1241.

5. In this case, the Fraudulent Conveyance Judgment could not be clearer. Specifically, Judge Hoyt found:

> Michael Enmon intended to defraud, and did defraud *Prospect*, to prevent *Prospect* from collecting on that Judgment by conducting fraudulent transfers of attachable assets in violation of Tex. Bus. & Com. Code §24.005(a)(1) and (2). [Emphasis added].

*See* Fraudulent Conveyance Judgment at p. 2, ¶ 3. Importantly, the Fraudulent Conveyance Judgment makes no findings as to the Debtor's intent to shield property from *any* creditors other than Prospect, much less future creditors of the Debtor that did not exists at the time of the Fraudulent Conveyance Judgment. Based on the foregoing, Prospect does not believe the Fraudulent Conveyance Judgment voids transfers as to any creditor except Prospect.

6. Moreover, as set forth in the Motion, the Fraudulent Conveyance Judgment does not void transfers as between the transferor [the Debtor] and transferees [Kickapoo, Enmon Trust, etc.]. *See, e.g., Texas Sand Co. v. Shield*, 381 S.W.2d 48, 55 (Tex. 1964) ("[A] conveyance, though fraudulent, is valid as between the parties to the conveyance."); *Liberty Sport Aviation, L.P. v. Texas Hill Country Bank*, No. 04-15-00480-CV, 2016 WL 4626238, at *3 (Tex. App.—San Antonio Sept. 7, 2016) ("When a fraudulent transfer is set aside, cancellation restores to the creditor and the transferor, only, the rights they had against each other prior to the

3

fraudulent transfer. . . such a determination would operate to restore [the creditor's] rights prior to the transfer, but would not affect the rights of [a third party].") (internal citations omitted), *review denied* (June 16, 2017); *Mladenka v. Mladenka*, 130 S.W.3d 397, 400-401 (Tex. App.—Houston 2004) ("When conveyance of property is found to be fraudulent, Texas courts have concluded that legal, as well as equitable title, remains with the debtor *relative to a defrauded creditor*") [emphasis added].

7. Likewise, Texas courts have held "[t]he rule is well established that the courts will not aid a grantor to regain property transferred to a grantee in order to defraud creditors." *Poe v. Hamlin Nat. Bank*, 921 S.W.2d 515, 517 (Tex. App.—Eastland 1996) (citing *Lott v. Kaiser,* 61 Tex. 665 (1884); *Letcher v. Letcher,* 421 S.W.2d 162 (Tex. Civ. App.—San Antonio 1967) ("As between the parties to a fraudulent transaction, the transfer designed to defraud creditors passes title to the property, and the grantor may thereafter assert no right, title or interest in the property. Relief will be denied a grantor who seeks to set aside a deed on the grounds it was executed to defraud his creditors, for courts leave parties to a fraudulent transaction in the position they have placed themselves."), *writ dismissed* (Feb. 14, 1968); *Dominguez v. Trent,* 836 S.W.2d 677 (Tex. App.—El Paso 1992); *Leal v. Cortez,* 603 S.W.2d 262 (Tex. Civ. App.—Corpus Christi 1980); *Garcia v. Garcia De Ortiz,* 257 S.W.2d 804 (Tex. Civ. App.—San Antonio 1953); *Bramlett v. Jenkins,* 231 S.W.2d 539 (Tex. Civ. App.—Fort Worth 1950).

8. This case is clearly what Texas courts have sought to avoid, i.e., allowing the Debtor to unwind a fraudulent transfer for his personal benefit. For these reasons, the property

transferred prior to the Fraudulent Conveyance Judgment should not be treated as property of the Debtor's bankruptcy estate.[3]

**B. Kickapoo Assets Are Not Traceable to The Pre-2012 Transfers.**

9.  Even if the Fraudulent Conveyance Judgment voided transfers generally and not just as to Prospect, the Debtor cannot show that Kickapoo's assets are traceable to property transferred prior to the Fraudulent Conveyance Judgment. Specifically, as to Kickapoo, the Fraudulent Conveyance Judgment provides:

> "that all transfers of personal property, including cash, of Michael Enmon into Kickapoo, are void;"
>
> "that the transfer of Michael Enmon's half of his community estate or transfer of any of his funds into Kickapoo, is void;"
>
> "that all transfers of money and/or property of any kind, real or otherwise, into Kickapoo, by any Defendant, are void[.]"

10.  Prospect is not aware of any real property that was transferred to Kickapoo prior to the entry of the Fraudulent Conveyance Judgment. In fact, on information and belief, substantially all of the assets transferred to Kickapoo by the Debtor (or his affiliates) prior to the 2012 Fraudulent Conveyance Judgment consisted of cash. As Kickapoo has been operating a dog kennel business for the last five years, it seems improbable (if not impossible) that it still retains assets that were the subject of the Fraudulent Conveyance Judgment. Likewise, Prospect does not believe the Debtor can realistically trace the personal property transferred to Kickapoo prior to the 2012 Fraudulent Conveyance Judgment to the assets it currently holds. As a

---

[3] Further, to the extent this Court were to find that the Fraudulent Conveyance Judgment does extend to future creditors, it is unclear -- based on Mutual of Omaha Bank's ("MOB") contention in prior related litigation that "MOB is a good-faith transferee under TUFTA" (*See* MOB's Motion for Summary Judgment, Doc. # 22, filed on Nov. 5, 2013 in *Prospect Capital Corporation v. Mutual of Omaha Bank et al,* Case No. 4:13-cv-00956, (S.D. Texas).) -- whether this Court would need to adjudicate MOB's purported status as a "good-faith transferee" prior to making such a finding.

consequence, the Debtor's attempt to collapse Kickapoo's business assets into his personal bankruptcy estate is improper.[4]

## CONCLUSION

For the reasons set forth above and in the Motion, no justification exists for allowing the Debtor to administer non-debtor property and abuse the bankruptcy process to the detriment of Prospect. Cause exists to dismiss this case under 11 U.S.C. § 1112(b) and applicable Fifth Circuit law.

Accordingly, Prospect respectfully requests that this Court enter an order dismissing this bankruptcy case, and awarding such other and further relief as is just, including the award of costs and fees to Prospect.

**Dated: March 7, 2018.**

        Respectfully submitted,

By: /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl
State Bar No. 24038592
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
*Counsel for Prospect Capital Corporation*

---

[4] Contrary to MOB's assertion in its Objection to Prospect's Motion for Relief from the Automatic Stay (Doc. # 68), Prospect explicitly stated in its Receiver Motion that: "The purpose of this [Receiver] Motion is not to interfere with Kickapoo's service of [MOB's] secured loans; rather Prospect's [Receiver] Motion is to recover without further delay (a) Kickapoo receivables in excess of its business obligations, and (b) Kickapoo profits remaining after debt service [to MOB] that would otherwise flow to Enmon or [his wife] Kari, to satisfy the outstanding amounts plus interest owed to Prospect by the Enmons pursuant to the Judgments." (*See* Ex. 33 to Prospect's Motion, at p. 8.)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2018, a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl